IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE D. CARBAJAL,<br><br>    Petitioner,<br><br>  v.<br><br>B. CURRY, Warden,<br><br>    Respondent.<br>_____/ | No. C 08-4501 CW (PR)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |

    On September 25, 2008, Petitioner Jose D. Carbajal filed a petition for a writ of habeas corpus pursuant to title 28 U.S.C. § 2254, challenging as a violation of his constitutional rights the second denial of parole by the California Board of Parole Hearings (Board) on August 1, 2006.  On June 16, 2009, the Court issued an order to show cause why the writ should not be granted.  Respondent filed an answer on October 14, 2009.  Petitioner filed a traverse on November 19, 2009.

    Having considered all of the papers filed by the parties, the Court DENIES the petition.

BACKGROUND

    On November 10, 1987, Petitioner plead guilty to second degree murder and personal use of a firearm, two counts of assault with a deadly weapon and personal use of a firearm, and robbery and

personal use of a firearm. (Petition, Ex. B at 12-15.)  On December 18, 1987, the court sentenced Petitioner to a total of twenty-five years to life plus four months.  (Petition, Ex. C.)  On August 1, 2006, the Board denied parole.  On October 29, 2007, the superior court denied Petitioner's petition.  (Petition, Ex. L, Superior Court denial.)  On January 17, 2008, the California Court of Appeal summarily denied Petitioner's state habeas petition.  (Petition, Ex. L.)  On July 23, 2008, the California Supreme Court denied Petitioner's state habeas petition. (Id.)  Petitioner filed the instant petition on February 25, 2008.

## DISCUSSION

I.   Standard of Review

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, Williams (Terry) v. Taylor, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1),

only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." <u>Williams (Terry)</u>, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case."  <u>Id.</u> at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  <u>Id.</u> at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ.  <u>See</u> <u>id.</u> at 409.

II.  Analysis

Petitioner argues that: (1) he was denied due process because the Board's decision was not supported by some evidence that he is currently dangerous, and (2) the Deputy District Attorney violated the plea agreement by arguing that the commitment offense was premeditated.

    A.   Due Process Claim

"There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."  <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U. S. 1, 7 (1979).  "When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures

3

for its vindication -- and federal courts will review the application of those constitutionally required procedures." Swarthout v. Cooke, No. 10-333, 2011 WL 197627, *2 (U.S. January 24, 2011) (per curiam). The procedures required are "minimal." Id. A prisoner receives adequate process when "he [is] allowed an opportunity to be heard and [is] provided a statement of the reasons why." Id. "The Constitution does not require more." Greenholtz, 442 U.S. at 16.

In the instant matter, Petitioner received at least the required amount of process. The record shows that he was allowed to speak at his parole hearing and to contest the evidence against him, that he received access to his records in advance, and that he was notified as to the reasons parole was denied. Having found that Petitioner received these procedural requirements, this federal habeas court's inquiry is at an end. Cooke, 2011 WL 197627, at *3. Petitioner's claim that the Board's decision did not comply with California's "some evidence" rule fails to state a cognizable claim for federal habeas relief. See id.

B. Breach of Plea Agreement claim

The fundamental fairness protected by the Due Process Clause requires that promises made during plea bargaining and in analogous contexts be respected; however, this rule is subject to two conditions: the promisor must be authorized to make the promise and the defendant must rely to his detriment on the promise. See Johnson v. Lumpkin, 769 F.2d 630, 633 (9th Cir. 1985). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled."

4

Santobello v. New York, 404 U.S. 257, 262 (1971).

Petitioner argues that the Deputy District Attorney breached his plea agreement by opining at the parole suitability hearing that his crime was premeditated. (Petition at 22.) As a result, continues Petitioner, the Board lengthened Petitioner's sentence. (Id.) Respondent does not address this claim.

At the plea colloquy, it was apparent that the terms of the plea agreement were that, in exchange for Petitioner's plea of guilty, the State would reduce the first degree murder charge to second degree murder. (Petition, Ex. B at 4.) Specifically, Petitioner agreed to plead guilty to second degree murder with the personal use of a firearm, two counts of assault with a deadly weapon with the personal use of a firearm, and robbery with the personal use of a firearm. (Id. at 4-5.) Petitioner understood that by pleading guilty to the stated charges, he could conceivably be incarcerated in prison for life. (Id. at 10.)

While it is true that the Deputy District Attorney described Petitioner's commitment offense as a "premeditated murder" (Tr. at 76-77), there is no evidence that the description of Petitioner's crime violated any promise within the plea agreement. Cf. United States v. Striech, 560 F.3d 926, 929-30 (9th Cir. 2009) (recognizing that if the terms of a plea agreement have a clear and unambiguous meaning, the court does not look to extrinsic evidence). Further, in denying Petitioner parole, none of the Board members appeared to rely on the Deputy District Attorney's statements. Petitioner points to no persuasive evidence that the prosecutor breached the plea agreement. Accordingly, he is not entitled to habeas relief on this claim.

CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus is DENIED.

A certificate of appealability will not issue.  Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from the Court of Appeals.

The Clerk of Court shall terminate all pending motions as moot, enter judgment in accordance with this order and close the file.

IT IS SO ORDERED.

Dated: 2/4/2011



CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOSE D. CARBAJAL,

    Plaintiff,

v.

B. CURRY et al,

    Defendant.

Case Number: CV08-04501 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 4, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose D. Carbajal D74035
P.O. Box 689 - YW315L
Soledad, CA 93960-0684

Dated: February 4, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

United States District Court
For the Northern District of California

7